Case 2:14-cv-00409   Document 67   Filed in TXSD on 02/01/17   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 01, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCES RIOS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:14-CV-00409 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, | § | |
| et.al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Frances Rios filed a § 1983 action against the City of Corpus Christi, and individual defendants Margie Silva a/k/a Margie Flores (Flores), Yvette Aguilar, and Kimberly Jozwiak. Her Fourth Amended Complaint (D.E. 42) identifies the following claims: 1) violation of her Fourth Amendment rights, 2) bad faith prosecution in violation of her Fourteenth Amendment rights, and 3) conspiracy relating to the preceding claims. The Defendants moved to dismiss Rios' complaint for failure to state a claim.

### I.  JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S. § 1331

### II. BACKGROUND AND PROCEDURAL HISTORY

Rios' Fourth Amended Complaint (D.E. 42) is at issue. The defendants renewed their original Rule 12(b)(6) motions to dismiss. D.E. 46, 47, 50, 51.[1]

Rios was an employee at the City's municipal court. She was prosecuted for tampering with government records in the 94th Judicial District in Nueces County, Texas. D.E. 42, ¶ 8. Rios allegedly changed traffic court records for her niece to reflect no

---

[1] The City also filed a motion to strike portions of Plaintiff's complaint pursuant to Rule 12(f). D.E. 48.

conviction. Rios also extended a payment plan for another traffic ticket recipient allegedly without judicial approval. Rios alleged that the individual defendants made false statements, gave false testimony and conspired which resulted in her arrest and felony indictment.

### III.    MOTIONS TO DISMISS PURSUANT TO RULE 12(B)(6)

The City and the individual defendants each filed motions to dismiss on multiple grounds: 1) Rios' Fourth Amendment claim is barred by limitations, 2) Rios failed to plead a conspiracy claim, 3) Rios failed to plead a valid basis for municipal liability, and 4) § 1983 does not provide a basis for a claim of malicious prosecution.

**A.    Standard of Review**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require detailed factual allegations," it demands more than labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A formulaic recitation of the elements of a cause of action will not do." *Id*.

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference. . . . " *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Myers v. Textron, Inc.*, 540 Fed. App'x. 408, 409 (5th Cir. Oct. 2, 2013) (per curiam) (unpublished).

In deciding a rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In Re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "[C]onversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

**B.      Statute of Limitations for Fourth Amendment Violation**

Defendants moved to dismiss Rios' Fourth Amendment claim that she was arrested without probable cause on limitations grounds.[2] Rios' Fourth Amendment claim accrued "at the time the [she was] detained pursuant to legal process."[3] *Wallace*, 549 U.S. at 397; *see also Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008). The motion is granted because Rios' Complaint was filed more than two years after her claim accrued.

---

[2] Section 1983 imports the applicable limitation period from the forum. In Texas, the applicable statute of limitations is two years. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (per curiam). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of the action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Gatrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir. 1993).

[3] Rios was indicted in December 2011, arrested on January 13, 2012, and posted bond on January 14, 2012. *See* D.E. 42-12, p. 6. Her false arrest/false imprisonment claim accrued no later than January 14, 2012. She filed suit in October 2014, more than two years later.

**C.      Violation of Fourteenth Amendment**

The City characterized Rios' Fourteenth Amendment claim as malicious prosecution and moved to dismiss it on two grounds, including limitations.

1. *Statute of limitations for bad faith prosecution*

The statute of limitations for Rios' Fourteenth Amendment claim of bad faith prosecution does not accrue until the criminal prosecution is dismissed. *Castellano v. Fragozo*, 352 F.3d 939, 960 (5th Cir. 2003) (en banc). Rios was acquitted in October 2013. This action was filed in October 2014. The City's motion to dismiss Rios' Fourteenth Amendment claim on limitations grounds is denied.

1. *Malicious prosecution*

The City correctly argued that no claim for malicious prosecution exists under § 1983. *Castellano*, 352 F.3d at 958. But Rios did not allege malicious prosecution. Instead, she alleged the defendants violated her Fourteenth Amendment right to Due Process by providing false testimony.

2. *Bad faith prosecution—Fourteenth Amendment*

Because the City mischaracterized Rios' Fourteenth Amendment claim, it did not address its substance. But a district court may dismiss a complaint on its own for failure to state a claim if the procedure is fair. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Shawnee Intern., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984).[4]

---

[4] Fairness requires "both notice of the court's intention and an opportunity to respond." *Bazrowx*, 136 F.3d at 1054. Rios has amended at least twice and responded both in writing and orally to Defendants' repeated motions to dismiss her Original and Amended Complaints.

4

The *Castellano* court held that the Fourteenth Amendment guarantee of due process is implicated by the knowing use of perjured testimony or manufactured evidence. *Id.* at 958;[5] *see also Napue v. Illinois*, 360 U.S. 264, 269 (1959);[6] *Good v. Curtis*, 601 F.3d 393 (5th Cir. 2010);[7] *Mooney v. Holohan*, 294 U.S. 103, 112 (1935) (due process prohibits "deliberate deception of court and jury" by prosecution's knowing use of perjured testimony); *see also Cole v. Carson*, 802 F.3d 752 (5th Cir. 2015), *vacated and remanded on other grds sub nom., Hunter v. Cole*, 137 S.Ct. 497 (2016).[8] "Where police intentionally fabricate evidence and succeed in getting someone falsely charged with a felony . . . there may be a due process violation."[9] *Cole*, 802 F.3d at 773.

In summary, all of these cases require the knowing use of false testimony or manufactured evidence by police officers, prosecutors, or persons working with them. In

---

[5] Castellano, a restaurant owner was convicted of arson in the burning of one of his restaurants. After his conviction was set aside, he filed a civil suit. "Castellano's contention that the manufacturing of evidence and knowing use of perjured testimony attributable to the state is a violation of due process is correct." *Id.*

[6] "[A] conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Id.* In *Napue*, "the principal state witness, then serving a . . . sentence for the same murder, testified . . . that he had received no promise of consideration in return for his testimony. The Assistant State's Attorney had in fact promised him consideration, but did nothing to correct the witness' false testimony." *Id.* at 264.

[7] A police detective manipulated a photo for a photo line-up to produce false identification by an eyewitness. "[W]e conclude that knowing efforts to secure a false identification by fabricating evidence or otherwise unlawfully influencing witnesses constitutes a violation of the due process rights secured by the Fourteenth Amendment." *Id.* at 401.

[8] The appeal was from the district court's denial of qualified immunity to the officers. The decision was vacated and remanded for reconsideration by the Fifth Circuit based upon *Mullenix v. Luna*, 527 U.S. ---, 136 S.Ct. 305 (2016), which discussed qualified immunity.

[9] In *Cole*, officers allegedly met after one of them shot Cole, a teenager, got their stories together and lied to investigators about the teen's actions to justify the shooting. Cole was subsequently charged with aggravated assault on a public servant, a charge that was later dismissed.

Castellano a witness conspired with a police detective to create a false statement by Castellano that sounded like a confession. *See Castellano*, 352 F.3d at 943. Only the conspiring witness and police officer were defendants. *Id*. In the remaining cases, only police officers or governmental entities were defendants.

Rios alleged that:

1. Aguilar conducted an initial investigation at the Flores' request;

2. Flores instructed Aguilar to refer the investigation to the Corpus Christi Police Department;

3. Aguilar told the CCPD Commander that Rios dismissed cases without prosecutorial or judicial approval;

4. the CCPD and Aguilar ordered a computer analysis;

5. after Aguilar reviewed the analysis with a detective, the detective asked for further analysis;

6. Aguilar told the detective that Rios' job did not include dismissing cases or being a court clerk;

7. Jozwiak told the investigating detective that Rios extended a payment plan without judicial authorization;

8. each of the individual defendants knew that there was a municipal court Standing Order[10] that authorized Rios to extend the payment plan and intentionally failed to tell the detective, the Grand Jury or the Nueces County prosecutor. *Id.*, at ¶¶ 12-13.

Rios also pleaded that the defendants collectively "provid[ed] false testimony to falsely and maliciously charge [Rios] with the commission of a crime without probable cause . . . on the sole basis of hatred and anger." *Id.*, ¶ 17(a). This last allegation is a legal conclusion that the Court is not required to accept as true.

---

[10] The Standing Order is dated February 2004. It is signed by Judge Flores and other municipal court judges. D.E. 42-8.

Aguilar and Jozwiak provided information to the investigating detective. Aguilar testified at trial as the prosecution's chief witness. She relied on audit reports run by the City's computer department and she relied on others at municipal court to interpret codes in the report. Aguilar admitted she misunderstood some of the codes and did not learn of her misunderstanding until shortly before or during trial.[11] The State of Texas through the Nueces County District Attorney prosecuted Rios.

A Fourteenth Amendment violation requires the *knowing* use of false testimony or knowing use of manufactured evidence. Rios alleged that some of the State's evidence was false.[12] Rios' exhibits confirm that that Aguilar misunderstood the meaning of some of the computer codes which substantially undercut the case against Rios. *See* D.E. 42-5, pp. 8, 16-17. Rios failed to allege a factual basis for her claim that Jozwiak knew of the Standing Order, which would have made Jozwiak's report to the CCPD knowingly false. None of Rios' allegations lead to the plausible conclusion that the individual defendants *knowingly* made false statements to the investigating authority, to the Grand Jury or at trial. Similarly, Rios has not pleaded facts that plausibly suggest that she was prosecuted by "knowing use of manufactured evidence." Moreover, the factual disputes Rios cites between trial witnesses do not establish intentionally false testimony by any of the witnesses or "knowing use" by the prosecutor. Finally, Rios has not pleaded facts that allow this Court to plausibly infer that any of the witnesses collaborated with the police

---

[11] See D.E. 42-5, pp. 8, 11, 16-18.

[12] Black's Law Dictionary defines false as: "Untrue <a false statement>. Deceitful; lying <a false witness>. Not genuine, inauthentic <false coinage>. What is false can be so by intent, by accident, or by mistake. Wrong, erroneous <false step>." *Id.* (10th ed. 2014). The Oxford Living Dictionary defines false to mean "not according with truth or fact; incorrect." https://en.oxforddictionaries.com/definition/false (last visited 2/1/2017).

or the prosecutor to frame Rios. As a result, the Court finds that Rios has not adequately pleaded a Fourteenth Amendment violation.

### D. § 1983 Conspiracy

Defendants moved to dismiss Rios' conspiracy claims for failure to state a claim. A conspiracy under § 1983 requires a plaintiff to allege facts that indicate (1) there was an agreement among individuals to commit a constitutional deprivation, and (2) that an actual deprivation occurred. *Priester v. Lowndes Cty*, 354 F.3d 414, 420 (5th Cir. 2004); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Because Rios has not established a violation of her constitutional rights, her conspiracy claims also fail. Defendants' motions to dismiss Rios' § 1983 conspiracy claims are granted.

## VI. CONCLUSION

The Court GRANTS the Defendants' motions to dismiss (D.E. 46, 47, 50, 51). As a result of the Court's rulings on the motions to dismiss, the City's motion to strike (D.E. 48) is denied as moot.

ORDERED this 1st day of February, 2017.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE