IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCES RIOS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:14-CV-00409 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, | § | |
| et. al., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Court dismissed Frances Rios' claims against the City of Corpus Christi and individual Defendants on the Defendants' Rule 12(b)(6) motions and dismissed one of Rios' claims *sua sponte*. D.E. 67, 68. Rios filed a motion for new trial. D.E. 69, 70. She challenges this Court's *sua sponte* dismissal of her Fourteenth Amendment claim. Rios argues that this Court misapplied the standards for dismissal and that there are fact issues that cannot be resolved on a motion to dismiss. The Defendants filed a joint response opposing the motion. The facts are well known to the parties.

## ANALYSIS

### A. Rule 59(e)

"Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59(e) motion should not be used "to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891

1

F.2d 1154, 1159 (5th Cir. 1990); *accord United Nat'l Ins. Co. v. Mundell Term. Svcs, Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014).

**B. Elements of Fourteenth Amendment Due Process Claim**

Rios alleged the defendants violated her Fourteenth Amendment right to due process. "[A] state's manufacturing of evidence and knowing use of that evidence along with perjured testimony to obtain a wrongful conviction deprives a defendant of his long recognized right to a fair trial secured by the Due Process Clause." *Castellano v. Fragozo*, 352 F.3d 939, 955 (5th Cir. 2003)(en banc); *see also Good v. Curtis*, 601 F.3d 393, 401 (5th Cir. 2010) ("[K]nowing efforts to secure a false identification by fabricating evidence or otherwise unlawfully influencing witnesses constitutes a violation of the due process rights secured by the Fourteenth Amendment."). In habeas cases, the elements have been stated more simply: 1) a witness for the State testified falsely; 2) the State knew the testimony was false; and 3) such testimony was material. *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (citing *Giglio v. United States*, 405 U.S. 150, 153 (1972)).

**C. Fourteenth Amendment Claim Requires Knowingly False Evidence**

Rios argues that her Fourth Amended Complaint and exhibits plausibly state a claim that she was prosecuted using knowingly false testimony by the defendants.[1] Yet, her Fourth Amended Complaint alleges only false testimony by witnesses. Importantly, Rios

---

[1] Although Rios argues that a person may be liable for requesting and securing an arrest warrant without probable cause, such a claim may violate the Fourth Amendment, not the Fourteenth. *See Manuel v. City of* Joliet, 137 S.Ct. 911, 917 (2017) (arrest without probable cause is a violation of Fourth Amendment). This Court previously found that Rios' Fourth Amendment claim is barred by limitations, a finding she does not challenge.

2

does not claim the prosecuting authority, the State, through Nueces County, knowingly presented false evidence, a critical element of her claim. *Fragozo*, 352 F.3d at 955 ("a state's manufacturing of evidence and knowing use of that evidence along with perjured testimony . . . .").

A plaintiff's failure to allege sufficient facts to support every element of her cause of action requires dismissal. *See Hale v. King*, 642 F.3d 492, 501 (5th Cir. 2011) (dismissing plaintiff's ADA claim because he failed to allege he suffered from a qualifying disability in his); *see also Bohannon v. Griffin*, 2017 WL 2230250 at *1 (5th Cir. May 19, 2017) (per curiam) (unpublished) (dismissing § 1983 claim against individual defendants for failure to allege their personal involvement in the events alleged); *HansaWorld USA v. Carpenter*, 662 Fed. App'x. 259, 262 (5th Cir. 2016) (per curiam) (unpublished) (dismissed claim for malicious interference for failure to plead facts to support element of damages).

## CONCLUSION

The Court DENIES Rios' motion (D.E. 70) for new trial.

ORDERED this 13 day of July, 2017.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE